**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALFRED BOWERS,

    Petitioner,

-vs-                                                          Case No.  8:02-CV-2377-T-30EAJ

JAMES V. CROSBY, JR.,[1] et al.,

    Respondents.

_____/

**ORDER**

    Petitioner, an inmate in a Florida penal institution proceeding *pro se*, initiated this action by filing a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges the sentences imposed by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida, on January 12, 1998, following his convictions on charges related to a robbery with a firearm and the high speed chase which ensued as he attempted to avoid capture (Dkt. 1). Respondent has filed a response to the petition (Dkt. 13), and Petitioner has filed a reply thereto (Dkt. 22). The matter is now before the Court for consideration of the merits of Petitioner's claims.

    Petitioner was charged by information on April 17, 1997, with robbery with a firearm (Count One), aggravated battery with a deadly weapon (Count Two), high speed fleeing to elude capture (Count Three), leaving the scene of an accident with injury (Count Four), driving while his drivers' license was suspended resulting a death or serious bodily injury

---

[1] James V. Crosby, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for Michael W. Moore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

(Count Five), grand theft of a motor vehicle (Count Six), and possession of a firearm by a felon (Count Ten) (Dkt. 1 at 1; Dkt. 13, Ex. 1).[2]  The parties agree that Petitioner entered an open  plea of guilty on all counts (Dkt. 13, Ex. 2).  Petitioner was sentenced on January 12, 1998, to serve concurrent terms of 11 years imprisonment, with a minimum mandatory term of 3 years, on Count One; 11 years imprisonment on Counts Two and Ten; and 5 years imprisonment on Counts Three, Four, Five, and Six. Petitioner did not file a direct appeal (Dkt. 1 at 2).

On February 4, 1999, Petitioner filed an application for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (Dkt. 13 at 3).  Counsel was appointed to represent Petitioner, and an evidentiary hearing was held on January 18, 2000, on his claim that trial counsel was ineffective for failing to advise Petitioner that he could assert a voluntary intoxication defense (Dkt. 13, Ex. 8).  Petitioner's Rule 3.850 motion was denied by the trial court in a written order entered on March 7, 2000 (Dkt. 13, Ex. 9). The trial court's decision was affirmed on appeal on October 19, 2001 (Dkt. 13, Ex. 14), with the mandate issuing on November 26, 2001 (Dkt. 13, Ex. 15).  *See Bowers v. State*, 799 So.2d 232 (Fla. 2d DCA 2001) (table decision).

On August 24, 2001, while the appeal of his Rule 3.850 motion was pending, Petitioner filed a motion pursuant to Fla. R. Crim. P. 3.800(a) seeking relief based on the Florida Supreme Court's July 10, 2000 decision in *Heggs v. State*, 759 So.2d 620 (Fla. 2000) (invalidating the act containing the 1995 sentencing guidelines and certain provisions related to gain time because it violated the single subject rule). Following an evidentiary hearing on April 23, 2002, the trial court denied Petitioner's Rule 3.800(a) motion, finding

---

[2]Petitioner was not charged with Counts Seven, Eight, Nine, and Eleven (Dkt. 13 at 2).

that his sentence was proper under Florida's 1994 sentencing guidelines (Dkt. 13 at 7). On April 26, 2002, Petitioner filed a motion to appear at the April 23, 2002 hearing. The trial court entered an order denying Petitioner's motion to appear on June 4, 2002 (Dkt. 13, Ex. 22). A copy of said order, with the transcript of the April 23, 2002 hearing attached thereto, was mailed to Petitioner at his address of record on June 7, 2002.[3] Upon receipt of Petitioner's inquiry about the status of his Rule 3.800(a) motion, the trial court mailed a copy of the order dismissing said motion to him on June 12, 2002 (Dkt. 7 at 5 and Ex. B attached thereto).

On July 26, 2002, Petitioner filed a second Rule 3.850 motion asserting that he was entitled to resentencing because his plea was entered pursuant to a negotiated plea agreement in which he agreed to receive a sentence at the low end of the guidelines (Dkt. 13, Ex. 24). The trial court filed a written order on August 30, 2002, denying the motion (Dkt. 13, Ex. 25). The appellate court entered an order affirming the trial court's decision on November 6, 2002 (Dkt. 13, Ex. 27), with the mandate issuing on December 31, 2002. *See Bowers v. State*, 835 So.2d 1119 (Fla. 2d DCA 2002) [table decision].

Petitioner filed the instant petition for federal habeas relief on December 13, 2002[4] (Dkt. 1). He raises the following three grounds for relief:

---

[3]The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com, viewed on December 13, 2005. *See* Fed. R. Evid. 201.

[4]Although the petition was not received by the Clerk's office for filing until December 23, 2002 (Dkt. 1), it was executed on December 13, 2002 (Dkt. 1 at 7). This circuit considers § 2254 petitions for habeas relief and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's §2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

>    1.  Trial court erred by procedurally barring Petitioner's Rule 3.850 motion as untimely, as Petitioner's 3.800(a) motion was pending on the same issue;
>
>    2.  Trial court erred by not granting relief where Petitioner pled guilty to a bottom of the guidelines sentence; and
>
>    3.  Trial court could not deny petitioner relief because the transcript attached to the order does not conclusively refute Petitioner's allegations.

Dkt. 1 at 5-6. Respondent does not dispute the timeliness of the petition, but he does assert that Petitioner has failed to demonstrate that he is entitled to relief under § 2254(d)-(e). Having reviewed the parties' arguments, the record, applicable statutes, and controlling case law, for reasons discussed below, the Court finds that the petition is time barred pursuant to 28 U.S.C. § 2244(d)(1). *See Day v. Crosby*, 391 F.3d 1192 (11th Cir. 2004) (finding that "[a] federal court that sits in collateral review of a criminal judgment of a state court has an obligation to enforce the federal statute of limitations," the court held that a concession of timeliness by the state that was patently erroneous did not compromise the authority of district court *sua sponte* to dismiss a habeas petition as untimely under the AEDPA).

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended the statutes governing federal habeas relief for state prisoners,

dramatically shortened the time for filing a federal habeas petition to one year by adding the following provision to 28 U.S.C. § 2244(d):

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

   (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Petitioner filed his petition after April 24, 1996, the AEDPA provisions are applicable thereto. *See Wilcox v. Florida Dep't of Corrs.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

**Evidentiary Hearing**

The Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. *See Smith v. Singletary*, 170 F3.d 1051, 1053-54 (11th Cir. 1999). The pertinent facts of the case are fully developed in the record before the Court. *See Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir. 1992). Thus, no additional evidentiary

proceedings are required. *See High v. Head*, 209 F.3d 1257, 1263 (11th Cir. 2000), *cert. denied*, 532 U.S. 909 (2001) (citing *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

## Discussion

Petitioner was sentenced on January 12, 1998. Since he did not file a direct appeal (Dkt. 1 at 2), the judgment became final thirty days from the date of conviction on February 11, 1999. *See Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988). The one-year limitations period was tolled 358 days after Petitioner's conviction became final when he filed his Rule 3.850 motion on February 4, 1999. *See* 28 U.S.C. § 2244(d)(2). While the Rule 3.850 motion was pending, Petitioner filed a Rule 3.800(a) motion, which prevented the limitations period from recommencing to run when the trial court's decision denying the Rule 3.850 motion was affirmed on October 19, 2001.

The Rule 3.800(a) motion remained pending until June 12, 2002.[5] *See Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002) (where the clerk assured the petitioner that he would receive notice of the court's decision on his request for discretionary review as soon as a decision was issued and then mailed the notice to the wrong person, the federal limitation period began to run on the date the clerk mailed a response to the petitioner's second inquiry regarding the status of his case rather than the date on which the order denying relief was entered). Because Petitioner did not file a notice of appeal of the trial court's decision, the limitations period recommenced to run on July 12, 2002. Thus, to be timely, Petitioner's request for federal habeas relief had to be filed on or before July 19, 2002 (365 days - 358 days = 7 days). Petitioner filed a second Rule 3.850 motion on July

---

[5]Although the trial court denied the Rule 3.800(a) motion on April 23, 2002, according to Petitioner, a copy of the trial court's order was not mailed to him until June 12, 2002, *see* Dkt. 7 at 5 and Ex. B attached thereto.

26, 2002. This motion, however, had no tolling effect on the limitation period because it had already expired. *See Tinker v.* Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state application for post-conviction relief filed following the expiration of the federal limitation period has no tolling effect because there is no period remaining to be tolled); *Webster v. Moore*, 199 F.3d 1256, 1257 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000) (finding that even "properly filed" state-court petitions must be "pending" in order to toll the AEDPA one-year limitation period for federal habeas petitions). Petitioner filed the instant petition on December 13, 2002.  Thus, unless Petitioner can demonstrate that he is entitled to equitable tolling of the limitation period, his petition is time barred.

Section 2244 "permits equitable tolling 'when a movant untimely files because of *extraordinary circumstances* that are both *beyond his control* and *unavoidable with diligence*'" (emphasis added).  *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). *See also Helton v. Sec. for the Dept. of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.").

Petitioner asserts that he is entitled to the benefit of equitable tolling because he did not receive notice of the order denying his Rule 3.800(a) motion until July 21, 2002, due to transfers within the Florida penal system.  In support of his claim, Petitioner attached a photocopy of the envelope he received from the trial court with a copy of the order denying his Rule 3.800(a) motion enclosed therein (Dkt. 7, Ex. B).  The envelope, postmarked at Tampa, Florida, on June 12, 2002, and at Fort Myers, Florida on June 17 and 20, 2002,

was initially addressed to Petitioner at the Charlotte Correctional Institution, Punta Gorda, Florida. The address is crossed out, however, and the envelope is stamped "Martin Correctional Institution, Indiantown, Florida." *Id.*

The Court finds that the envelope does not support granting Petitioner's request for equitable tolling of the limitations period. A party has a duty to keep the Court informed of his/her address. *See Lewis v. Conners Steel Co.*, 673 F.2d 1240 (11th Cir. 1982) (stating that it is "fair and reasonable for [a party] to assume the burden of advising . . . of address changes or to take other reasonable steps to ensure delivery . . . to his current address."). *See also Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (holding that a *pro se* party has a duty to notify the court of his/her address at all times); *Dansby v. Albany County Correctional Facility Staff*, 1996 WL 172699 *1 (N.D.N.Y. 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (stating that "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.")); *Shannon v. State of Louisiana*, 1988 WL 54768 *1 (E.D. La. 1988) (citation omitted) (an incarcerated party who is released or transferred has a duty to advise the court of any address changes).

Moreover, the Eleventh Circuit has rejected claims that a prisoner's transfer within the penal system constitutes sufficient cause to overcome the procedural bar resulting from the untimely filing of a post-conviction motion. *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004), aff'd, __ U.S. __, 125 S.Ct. 2467 (2005). Like Dodd, Petitioner "does not suggest, let alone argue that his [transfer] was unconstitutional or somehow inappropriate, or that the transfer of a prisoner from one facility to another is anything but a routine practice." *Id.*

## Conclusion

Given this chronology of events, it is clear that more than one year elapsed between the date the convictions challenged herein became final and the filing of the instant petition, and Petitioner has not demonstrated that the delay is attributable to extraordinary circumstances beyond his control and unavoidable with diligence. The Court finds, therefore, that the petition is time-barred under the provisions of § 2244(d).

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ Of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

2. The Clerk shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 14, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh

Copies furnished to:
All Parties/Counsel of Record